## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HENNEPIN COUNTY, MINNESOTA**, et al., <br><br>     *Plaintiffs*, <br><br> *v.* <br><br> **U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**, et al., <br><br>     *Defendants*. | Case No. 26-cv-2460 (CRC) |

## SUPPLEMENTAL DECLARATION OF ANDREA GERBER

I, Andrea Gerber, declare under penalty of perjury that:

1. I am over the age of eighteen and am competent to testify to the facts in this declaration.

2. I am a health educator in the Sexual and Reproductive Health Program for Public Health – Seattle & King County (PHSKC). I hold a Master of Science in Education from the University of Pennsylvania and have been employed by PHSKC for 31 years.

3. The facts in this declaration are based on my personal knowledge, review of PHSKC records, and information provided to me by other PHSKC employees in the course of their duties.

4. I previously submitted a declaration that was filed in this case on July 15, 2026.

5. On July 18, 2026, PHSKC submitted an application under the Tier 2 2026 NOFO for the Teen Pregnancy Prevention (TPP) Program.

6. As I explained in my first declaration, some of the language in the Tier 2 2026 NOFO is ambiguous and appears to conflict with statutory requirements.

7. We could not have applied for a Tier 1 award because those awards require replication of programs proven effective. To my knowledge, there are no proven-effective programs that would comply with the criteria in the Tier 1 NOFO.

8. For our Tier 2 application, we were forced to make significant changes to our TPP programming to attempt to comply with the new requirements.

9. To start, we did not submit an application to continue evaluating the Stepping Stones program. As explained in my first declaration, it was simply not possible to submit an application for the Stepping Stones evaluation that would comply with the new requirements. Even if we are successful in our new application, therefore, the years of work poured into the Stepping Stones program will largely go to waste.

10. Additionally, in our new application, the requirements of the new NOFO forced us to develop an abstinence-only program to evaluate. In the past, the TPP Program has not been limited

1

to abstinence-only programs, and such a program would not have been appropriate for the systems-involved young men Stepping Stones served. It makes sense to test abstinence-only education programs only in populations that are not sexually active, and the goals of the TPP Program have long been far broader than that, striving to meet the needs of teens who experience poorer sexual health outcomes.

11. Nevertheless, we attempted to comply with the new abstinence-only requirement by limiting the intervention under our new proposed program to teenagers who are not yet sexually active. The new proposed program would at least permit us to continue to test programming that utilizes a motivational interviewing dialogue method. Motivational interviewing is an especially good fit for populations such as systems-involved young men who experience disproportionately worse sexual health. A program for young men in the juvenile legal system and/or child welfare systems is not a good match for the abstinence-only NOFO requirement because they are disproportionately sexually active. Furthermore, the NOFO appears not to allow programming that serves targeted groups of young people, which would prohibit an evaluation with systems-involved young men.

12. We also did the best we could to comply with the vague priorities set out in the NOFO. In many cases, it was not clear to us what was expected. For instance, it was not clear to us how we were supposed to avoid "normalizing" teenage sexual activity in evaluating a program designed to reduce teen pregnancy, or what the NOFO means by "body literacy." We made the best effort we could to comply with the new requirements despite their vagueness.

13. We recognize that we are likely at a competitive disadvantage in applying for funding under the new NOFO. At the very least, we will not be eligible for the total number of points available since the NOFO favors new applicants. Further, the NOFO appears to be designed to

2

direct funding to allies of the "Make America Healthy Again" movement, which is antithetical to the goals of our TPP programming.

14. Ultimately, we decided to try to comply with the new NOFO requirements—even though many of them appear to be in conflict with the goals of the TPP Program and out of step with core public health principles, and even knowing that we were likely at a disadvantage. We applied because of the importance of the TPP Program, the strong possibility that our evaluation partner would need to lay off additional staff without these funds, and the belief that our proposal could make the best use possible of these funds.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Date:    July 29, 2026

_____
Andrea Gerber

3