UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HENNEPIN COUNTY, MINNESOTA, et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et. al.,

Defendants.

Civil Action No. 26-2460 (CRC)

## DEFNDANTS' OPPOSITION
## TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT

For over a year, plaintiffs have flooded this district with requests for preliminary relief alleging various forms of imminent, irreparable harm. Some cases have justified the immediate attention of two branches of the federal government. This case does not. Plaintiffs will have the Court believe termination of cooperative agreements or yet-to-be-made award decisions creates the type of imminent injury requiring this Court's exercise of extraordinary authority to preliminarily enjoin the Executive. As the Department explained, Plaintiffs' alleged economic harm is insufficient to establish irreparable harm, nor are alleged harms to third parties. PI Opp'n (Dkt. 28) at 34-35.[1] Critically, Plaintiffs had an opportunity to compete for new funding, which forecloses any allegation of irreparable harm as a matter of law. *Id*. (citing *Global Health Council v. Trump*, 153 F.4th 1, 12 (D.C. Cir. 2025) and *Ass'n of Physics Teachers, Inc. v. NSF*, 804 F. Supp. 3d 45, 71 (D.D.C. 2025)). Plaintiffs readily admit that Plaintiff King County indeed applied "under the Tier 2 2026 NOFO." Suppl. Mot. (Dkt. 30) at 1.

---

[1]     Pin cites are to the ECF-generated page numbers appearing in blue color in the top, right corner of each page.

Plaintiffs, "apparently nervous about whether [its] initial affidavits suffice," now ask the Court for leave to introduce new evidence to establish injury-in-fact or irreparable harm. *Oceans v. Dep't of the Interior*, Civ. A. No. 24-0141 (RCL), 2024 WL 3104945, at *4 (D.D.C. Jun. 24, 2024). The Court's rules require a plaintiff to submit all its affidavits as part of the application for injunctive relief. LCvR 65.1(c). A narrow exception vests the Court with discretion to permit supplemental information for good cause. Plaintiffs assert that they need to supplement the record but fail to carry their burden of showing good cause why this Court should permit them to do so after the parties completed briefing on Plaintiffs' emergency application. Plaintiffs made a series of strategic choices, including when to bring this case, when to move for preliminary relief, and what evidence to include in support. Plaintiffs point to no external factors that precluded them from incorporating in their initial motion the evidence they now wish to present. The Court should deny Plaintiffs' motion.

*First*, Plaintiffs do not dispute that they had to comply with the requirements of Local Civil Rule 65.1(c). *See generally* Suppl. Mot. (ECF No. 30). Nor can they because Local Rule 65.1(c) applies to "an application for a preliminary injunction." *All. For Retired Ams. v. Bessent*, Civ. A. No. 25-0313 (CKK), 2025 WL 1744617, at *1 (D.D.C. Feb. 11, 2025). Plaintiffs here moved for preliminary relief and were required to comply with Local Rule 65.1(c). *See generally* PI Mot. (Dkt. 14).

*Second*, Local Rule 65.1(c) requires a party seeking a preliminary injunction to include all its evidence in its application for preliminary relief. The rule states, in relevant part, that any application for a preliminary injunction "shall be supported by all affidavits on which the plaintiff intends to rely." LCvR 65.1(c). "The traditional, commonly repeated rule is that shall is mandatory[.]" *Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 671 (D.C.

Cir. 2016) (emphasis omitted).  That is simply a different articulation of the cardinal rule that a party must present all its arguments in its opening motion and that arguments raised "for the first time in [its] reply are forfeited because it leaves Defendant with no opportunity to respond." *Harrison v. Off. of Architect of Capitol*, 68 F. Supp. 3d 174, 183 (D.D.C. 2014), *aff'd*, 793 F.3d 119 (D.C. Cir. 2015).  Put simply, Local Rule 65.1(c) forecloses litigation by ambush, guaranteeing the parties have equal opportunity to develop the record and respond to each other's arguments, thus allowing the Court to fully benefit from the adversarial process.  Plaintiffs attempt to bypass that process here by introducing new factual evidence after the parties have completed briefing.

*Third*, Local Rule 65.1(c) includes a limited exception, which vests in this Court discretion to permit supplemental materials.  LCvR 65.1(c) ("Supplemental affidavits either to the application or the opposition may be filed only with permission of the Court.").  Plaintiffs correctly note that courts have used the "good cause" standard when evaluating requests to supplement.  *See, e.g., All. For Retired Ams.*, 2025 WL 1744617, at *1; *see also Twin Rivers Paper Co. LLC v. SEC*, 934 F.3d 607, 614 (D.C. Cir. 2019) (recognizing "good cause" as the standard by which to evaluate "forfeiture of non-jurisdictional preservation requirements").

"Good cause" exists where outside factors affected a party's ability to comply.  "The 'good cause' standard is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case."  *Campaign L. Cntr. v. Iowa Values*, 710 F. Supp. 3d 35, 47 (D.D.C. 2024) (citation modified).  Thus, for example, good cause exists to extend the 120-day deadline for service under Rule 4(m) "when some outside factor rather than inadvertence or negligence, prevented service."  *Mann v. Castiel*, 681 F.3d 368, 375 (D.C. Cir. 2012).  In *Alliance for Retired Americans v. Bessent*, Judge Kollar-Kotelly found good cause sufficient to permit supplementation under Local Rule 65.1(c) where Plaintiff believed its initial evidence of

standing sufficed until similar evidence was rejected "in another case in this District presenting similar issues and in which Plaintiffs' counsel is counsel of record, [when] Judge John D. Bates denied the plaintiffs' motion for a temporary restraining order and held that similar declarations were insufficient to establish associational standing." 2025 WL 1744617 at *2. That is not what happened here.

Plaintiffs' perfunctory motion asserts that the supplemental declaration responds to Defendants' arguments. Suppl. Mot. (Dkt. 30) at 1. But Plaintiffs do not articulate any development outside Plaintiffs' or its counsels' control to establish "good cause." Plaintiffs instead appear to concede that they did not fully understand the facts underpinning their own claims while rushing to this Court and demanding it exercise extraordinary equitable powers. *Id.* (stating that "the declaration provides additional context about King County's application and demonstrates that the submission of an application does not mitigate King County's injury"). Plaintiffs are bound by the numerous litigation choices they have made thus far – to sue, when to sue, what claims to make, to pursue preliminary relief and on what claims, and what evidence to use in support of their request for preliminary relief – and the Court should hold Plaintiffs to those strategic choices. *See*, *e.g.*, *Hardimon v. United States*, No. 18-5371, 2019 WL 3949747, at *1 (D.C. Cir. Jul. 26, 2016) (denying motion to supplement the record where a party failed to present evidence to the district court). If the decision to move for a preliminary injunction was made before fully comprehending the case, "[m]istake of counsel . . . usually does not suffice to establish good cause." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004).

*Finally*, Plaintiffs argue Defendants will not be prejudiced because they "emailed a copy of the declaration to counsel for Defendants at 3:56 PM ET on July 29, 2026" and "Defendants have more than one week to prepare any arguments they wish to raise at the hearing as to the

supplemental declaration." Suppl. Mot. at 2. But that is no excuse; otherwise, it would excuse every party who improperly introduces new evidence or argument on reply. Plaintiffs wrongly presume government counsel is readily available at Plaintiffs' beckoning to review the new submission, analyze its relevance, and formulate arguments in a manner that best benefits the adversarial process, all without regard to competing deadlines in other cases that also require counsel's attention and are viewed as equally important by the plaintiffs who have brought them.

Regardless, Plaintiffs offer no qualifying principle for the unbounded rule it advances. Permitting supplementation with the Court's leave is the exception to the rule that "application shall be supported by all affidavits on which the plaintiff intends to rely." LCvR 65.1(c). Courts routinely decline to consider such submissions without "good cause." *See*, *e.g.*, *Harrison*, 68 F. Supp. 3d at 183. Plaintiffs have not established good cause exists in this case. "A contrary conclusion would permit the [] exception to swallow the rule." *Flynt v. Ohio*, 451 U.S. 619, 622 (1981). The Court should reject Plaintiffs' argument.

\*     \*     \*

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion

for leave to file a supplemental declaration (Dkt. 30).

Dated: July 31, 2026                  Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:           */s/ Dimitar P. Georgiev*
DIMITAR P. GEORGIEV
ANDREW J. VADEN, D.C. BAR # 1044860
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
Tel: (202) 252-2500 (main)

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENNEPIN COUNTY, MINNESOTA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, et. al.,<br><br>    Defendants. | Civil Action No. 26-2460 (CRC) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiffs' motion for leave, Defendants' opposition, and the entire record herein, it is hereby

ORDERED that Plaintiffs' motion is DENIED, and it is further

ORDERED that the Clerk of Court is directed to strike from the record the supplemental declaration (Dkt. 30-1).

SO ORDERED:

_____          _____
Date                                                        CHRISTOPHER R. COOPER
                                                                United States District Judge