**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HENNEPIN COUNTY, MINNESOTA**, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**, et al.,<br><br>*Defendants*. | **Case No. 26-cv-2460 (CRC)** |

**JOINT STATUS REPORT**

Pursuant to the Court's August 19, 2026, order, Dkt. No. 33, the parties have conferred regarding a proposed schedule for further proceedings in this matter. The parties were unable to reach agreement and therefore submit the following statements describing their respective positions.

**<u>Plaintiffs' position:</u>** Nearly two weeks ago, this Court concluded that Plaintiffs are likely to show Defendants' 2026 Policy transforming the Teen Pregnancy Prevention (TPP) Program is arbitrary and capricious. Dkt. No. 34. As the Court explained, Defendants' new policy "is likely unreasonable and insufficiently explained in several crucial respects." *Id.* at 43. The Court also held that Awardee Plaintiffs established irreparable harm based on "the imminent dismantling of their teen pregnancy prevention initiatives." *Id.* at 55. The Court therefore issued a preliminary injunction barring "implementation of the policy, including the implementation of the FY 2026 NOFOs, for the pendency of this action." *Id.* at 61.

In light of the Court's conclusion that the 2026 Policy is likely unlawful, and the approaching September 30 expiration date for obligating the TPP Program funds appropriated in

the 2026 Appropriations Act, the most obvious option for Defendants to spend the funds by the statutory deadline would be to undo the mass termination of awards that they abruptly effectuated in late June. Even if Defendants did not adopt that straightforward solution, another potential route would have been for Defendants immediately to issue new notices of funding opportunity (NOFOs) that comply with the statutory requirements for the TPP Program and with the Administrative Procedure Act, on an expedited timeline under which awards would be made by September 30. *Cf. id.* at 58 (noting that HHS may "reissue the NOFOs under the previously-applied TPP guidelines and thereby achieve its statutory mandate").

To date, despite multiple inquiries from Plaintiffs as to how Defendants plan to ensure that TPP Program funds go toward their congressionally required purposes before the September 30 expiration date, Defendants have not explained how they intend to proceed. Instead, Defendants have stated that the agency does not have any "program updates." Accordingly, it is entirely unclear how Awardee Plaintiffs will have an "opportunity to seek forward-looking funding for their current TPP programs," as the Court's opinion contemplated. *Id.* at 56.

In light of Defendants' inaction and the approaching September 30 expiration date, Plaintiffs intend to file this week a motion requesting that the Court suspend the statutory lapse deadline and order Defendants to preserve the TPP Program funds at issue while this litigation is pending. Additionally, this case should proceed expeditiously to final judgment to ensure that meaningful relief is available to Plaintiffs, who continue to suffer ongoing irreparable harm from Defendants' actions.

On August 28, Plaintiffs proposed to Defendants the following schedule for summary judgment briefing:

**September 8, 2026**: Defendants produce the administrative record.

**September 22, 2026**: Plaintiffs' motion for summary judgment due.

> **October 6, 2026**: Defendants' opposition to Plaintiffs' motion and any cross-motion for summary judgment due.
>
> **October 20, 2026**: Plaintiffs' reply and any cross-motion opposition due.
>
> **October 27, 2026**: Defendants' reply in support of any cross-motion due.

Also on August 28, Plaintiffs proposed an alternative schedule that accommodates Defendants' proposed September 14 deadline for production of the administrative record and shortens the deadline for Plaintiffs' reply brief:

> **September 14, 2026**: Defendants produce the administrative record.
>
> **September 28, 2026**: Plaintiffs' motion for summary judgment due.
>
> **October 13, 2026**: Defendants' opposition to Plaintiffs' motion and any cross-motion for summary judgment due.
>
> **October 23, 2026**: Plaintiffs' reply and any cross-motion opposition due.
>
> **October 30, 2026**: Defendants' reply in support of any cross-motion due.

Defendants stated that they require more time for their briefs than would be provided under either proposed schedule. Under both schedules, however, Defendants would have the standard amount of time permitted by the local rules: fourteen days for an opposition, and seven days for a reply. *See* Local Civil Rule 7(b), (d). In light of the substantial ongoing harms to Plaintiffs—and the fact that the parties already briefed the legal issues at the preliminary injunction stage—the default time periods are appropriate here to enable timely resolution of this time-sensitive case.

**Defendants' position:** This Court's order granting in part and denying in part Plaintiffs' motion for preliminary injunction instructed the parties to "file a joint status report with a proposed schedule for further proceedings by September 1, 2026." ECF No. 33.

Defendants expect to be able to produce the administrative record in this matter by September 14, 2026, and therefore propose the following deadlines for the parties' anticipated cross-motions for summary judgment:

**September 14, 2026**: Defendants produce the administrative record.

**September 28, 2026**: Plaintiffs' motion for summary judgment due.

**November 9, 2026**: Defendants' opposition to Plaintiffs' motion and cross-motion for summary judgment due.

**November 23, 2026**: Plaintiffs' reply and any cross-motion opposition due.

**December 21, 2026**: Defendants' reply in support of their cross-motion due.

Although Plaintiffs have proposed a much more aggressive briefing schedule, Defendants respectfully submit that the parties' interest in expedition must be balanced against the Court's interest in an orderly exposition of the issues by both sides, as comprehensive and considered briefing from all parties will facilitate the Court's decision-making in this matter. Defendants' proposed schedule also reflects undersigned counsel for the Defendants' obligation to attend to litigation responsibilities in earlier-filed cases. By way of illustration, one of Plaintiffs' proposed schedules would have Defendants respond (and cross-move) by October 13 to a motion that Plaintiffs would file on September 28, but undersigned counsel for Defendants is principally responsible for at least seventeen filings due during that period, several of which are dispositive motions, and most of which are in earlier-filed cases. Plaintiffs' proposed schedules, which largely track the local rule defaults, are poorly suited to a case of this complexity.

Date: September 1, 2026

JEANINE FERRIS PIRRO
United States Attorney

By: *__/s/ Andrew J. Vaden__*
ANDREW J. VADEN
D.C. Bar # 1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2500

Respectfully submitted,

*__/s/ Michael J. Torcello__*
Michael J. Torcello (DC Bar No. 90014480)
Kate Talmor (DC Bar No. 90036191)
Carrie Y. Flaxman (DC Bar No. 458681)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090

andrew.vaden@usdoj.gov

*Attorneys for the United States of America*

mtorcello@democracyforward.org
ktalmor@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org
*Counsel for Plaintiffs Hennepin County, King County, and SIECUS*

Hannah Klain*
Karen Dunn (DC Bar No. 1002520)
Jeannie Rhee (DC Bar No. 464127)
Dunn Isaacson Rhee LLP
401 9th Street NW
Washington, DC 20004
Phone: (202) 240-2900
hklain@dirllp.com
kdunn@dirllp.com
jrhee@dirllp.com
*Counsel for Plaintiffs*

Cormac Early (DC Bar No. 1033835)
Allison M. Zieve (DC Bar No. 424786)
Stephanie Garlock (DC Bar No. 1779629)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
Phone: (202) 588-1000
cearly@citizen.org
*Counsel for Plaintiffs Hennepin County, King County, and SIECUS*

Emily Nestler (DC Bar No. 973886)
Planned Parenthood Federation of America
1100 Vermont Avenue NW
Washington, DC 20005
Phone: (202) 973-4800
emily.nestler@ppfa.org
*Counsel for Plaintiff Planned Parenthood of the Heartland, Inc.*

Dylan Cowit*
Valentina De Fex*
Planned Parenthood Federation of America
123 William Street, 9th Floor
New York, NY 10038
Phone: (212) 261-4696

dylan.cowit@ppfa.org
valentina.defex@ppfa.org
*Counsel for Plaintiff Planned Parenthood of the Heartland, Inc.*

* Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, I filed the foregoing document with the Clerk of Court for the U.S. District Court for the District of Columbia using the court's CM/ECF system.

*/s/ Michael J. Torcello*
Michael J. Torcello