**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HENNEPIN COUNTY**, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**, *et al.*<br><br>Defendants. | Case No. 26-cv-2460 (CRC) |

**ORDER**

Pending before the Court is Plaintiffs' [37] Motion for an Order Directing Defendants to Hold Funds Pending Resolution of the Merits of This Case. In their [36] Joint Status Report of September 1, 2026, the parties also propose alternative schedules for dispositive motions.

For the reasons that follow, the motion is GRANTED. The Court will suspend the statutory lapse of funding on September 30, 2026 during the pendency of this litigation. Dispositive motions will be filed according to the schedule set below.

**I. Funding Lapse**

The Court has statutory and equitable authority to suspend the applicable funding deadline. Federal law provides that any "provision of law requiring that the balance of an appropriation or fund be returned to the general fund of the Treasury at the end of a definite period does not affect the status of lawsuits or rights of action involving the right to an amount payable from the balance." 31 U.S.C. § 1502(b). The D.C. Circuit recently recognized that this provision "expressly authorize[s] courts to suspend the lapse of budget authority while lawsuits play out." Goodluck v. Biden, 104 F.4th 920, 928 (D.C. Cir. 2024) (discussing 31 U.S.C. § 1502(b)); accord Illinois v. Noem, 813 F. Supp. 3d 282, 300 & n.7 (D.R.I. 2025) (relying on 31

U.S.C. § 1502(b)); Nat'l All. to End Homelessness v. Turner, 827 F. Supp. 3d 281, 287 n.2 (D.R.I. 2026) (same); see also Rochester Pure Waters Dist. V. EPA, 960 F.2d 180, 184 (D.C. Cir. 1992) (explaining that "budget authority" generally refers to "authority granted by Congress to commit or expend funds").

Further, and independently, the Court has equitable authority to grant that relief. The D.C. Circuit has "has repeatedly reaffirmed the power of the courts to order that funds be held available beyond their statutory lapse date if equity so requires." Connecticut v. Schweiker, 684 F.2d 979, 997 (D.C. Cir. 1982) (internal quotation marks omitted) (collecting cases), cert. denied, 459 U.S. 1207 (1983); see Population Inst. v. McPherson, 797 F.2d 1062, 1081 (D.C. Cir. 1986) (calling this authority "well settled"); accord Washington v. U.S. Dep't of Educ., 161 F.4th 1136, 1141 (9th Cir. 2025) (per curiam); Dotson v. HUD, 731 F.2d 313, 317 n.2 (6th Cir. 1984); Simer v. Rios, 661 F.2d 655, 662 n.15 (7th Cir. 1981). That is because "[t]he equity powers of the courts allow them to take action to preserve the status quo of a dispute and protect their ability to decide a case properly before them. In such situations, the courts simply suspend the operation of a lapse provision and extend the term of already existing budget authority." City of Houston v. HUD, 24 F.3d 1421, 1426 (D.C. Cir. 1994) (citing Rochester Pure Waters Dist. v. EPA, 960 F.2d 180, 184 (D.C. Cir. 1992)). "The basis for this equitable power is the court preserving existing authority created by Congress rather than the creation of authority." Burton v. Thornburgh, 541 F.Supp. 168, 176 n.16 (E.D. Pa. 1982). The D.C. Circuit has not overruled this approach. See Nat'l Fair Hous. All. v. HUD, No. CV 25-1965 (SLS), 2025 WL 2105567, at *12 n.4 (D.D.C. July 28, 2025).

Exercising that authority here "give[s] effect to congressional intent by" preserving "the interests of justice and the ends Congress sought to bring about." Rochester Pure Waters Dist. v.

EPA, 960 F.2d 180, 184 (D.C. Cir. 1992); see also Nat'l Family Planning & Reproductive Health Ass'n v. Kennedy, No. 25-cv-1265 (ACR), Order, Dkt. No. 38 at 2 n.2 (stating that 31 U.S.C. § 1502(b) "illustrates that the Court's equitable authority to hold the funds aligns with Congress's intent to ensure that timely filed lawsuits are not dismissed simply because the funds lapsed"). The Court thus grants Plaintiffs' request to suspend the statutory deadline.

As to the issue of holding the funds, the Court confirms the parties' agreement that Defendants may "lawfully spend" the TPP Program funds available in the Consoldiated Appropriations Act of 2026 in any manner "consistent with the Court's preliminary injunction order and the statute." Reply at 7; see Defs.' Resp. at 9 ("This Court's August 19, 2026 Order already prohibits the expenditure of funds in furtherance of the '2026 Policy,' including via the issuance of awards through the 2026 Notices of Funding Opportunity."); Order (Aug. 19, 2026), ECF No. 33 at 1. To the extent Plaintiffs seek additional injunctive relief beyond what the August 19 order requires—such as prohibiting the government from spending some or all of the funds during the pendency of this litigation—the Court denies that request. Plaintiffs have made no effort to argue they are entitled to such relief. See Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

## II. Scheduling Order

In response to an order from the Court, see Order (Aug. 19, 2026), ECF No. 33, the parties propose dueling schedules for dispositive motions, see Joint Status Report (Sept. 1, 2026), ECF No. 36 at 2–4. Balancing Plaintiffs' interest in an expeditious resolution of the case with Defendants' emphasis on the need for considered briefing, see id. at 2, 4, the Court directs that briefing shall follow the following schedule:

| | |
|---|---|
| **October 1, 2026** | Defendants produce administrative record |
| **October 22, 2026** | Plaintiffs' motion for summary judgment |
| **November 23, 2026** | Defendants' opposition to Plaintiffs' motion and any cross-motion for summary judgment |
| **December 7, 2026** | Plaintiffs' reply and any cross-motion opposition |
| **December 21, 2026** | Defendants' reply in support of any cross-motion |

For the above reasons, it is hereby

**ORDERED** that Plaintiffs' [37] Motion to Hold Funds is GRANTED. It is further

**ORDERED** that the statutory lapse of the TPP Program funds at issue in this case, 140 Stat. at 174, 281, is suspended during the pendency of this litigation. It is further

**ORDERED** that Defendants shall produce the administrative record by October 1, 2026; Plaintiffs shall file their motion for summary judgment by October 22, 2026; Defendants shall file an opposition to Plaintiffs' motion and any cross-motion for summary judgment by November 23, 2026; Plaintiffs shall file any reply and any cross-motion opposition by December 21, 2026.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: September 21, 2026